IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

KANSAS DISABILITY COALITION, Inc., a )
Kansas Corporation, and TIFFANY NICKEL, )
                                                         Plaintiffs, )
   )
vs.   )  Case No. 12-CV-1148-JTM-JPO
   )
CITY OF ATCHISON, KANSAS   )
   )
                                                      Defendant. )
_____ )

## COMPLAINT

Come now the plaintiffs and for their cause of action against the defendant allege and state as follows:

### Parties

1. Plaintiff Kansas Disability Coalition, Inc., ("KDC") is a not-for-profit Kansas corporation.

2. The interests the plaintiffs seek to protect are germane to the plaintiffs' purpose. One purpose of the plaintiffs is to advocate compliance with the Americans with Disabilities Act.

3. Neither the claims asserted, nor the relief requested, require participation of individual members.

4. Plaintiff KDC is an organizational representative of persons with physical disabilities, who are qualified individuals with a disability, as defined by the Americans with Disabilities Act (ADA) and its implementing regulations. 42 U.S.C. § 12101 *et seq.*, 28 C. F. R. Parts 35 and 36.

1

5. Plaintiff Tiffany Nickel is a qualified individual with a disability as defined by the ADA, to-wit: she has a physical impairment that substantially limits one or more major life activities and and uses a power wheelchair for mobility.

6. The defendant, City of Atchison, Kansas, ("Atchison") is a Kansas municipality located in Atchison County, Kansas.

7. The defendant can be served with process by serving the City Clerk, Deb Clem, 515 Kansas Avenue, Atchison, Kansas 66002.

8. The Defendant City of Atchison, Kansas, is a public entity as defined by 42 U.S.C. § 12131.

## Jurisdiction

9. This court has jurisdiction over the parties and the subject matter of this lawsuit. 42 U.S.C. § 12101 *et seq* and 28 U.S.C. §§ 1331 and 1343.

## Facts

10. The Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.,* was signed by President George H. W. Bush on July 26, 1990.

11. The defendant has discriminated and continues to discriminate against qualified individuals with disabilities in that the defendant has excluded them from participation in and denied them the benefits of the services, programs, and activities of the defendant contrary to the Americans with Disabilities Act (hereinafter "ADA"), 42 U.S.C. § 12132 and 28 C. F. R. § 35.130.

12. The defendant has failed to prepare a complete self-evaluation plan as required by the ADA, 28 C.F.R. § 35.105. Only a 1995 "survey" for City Hall was completed.

13. The defendant has failed to prepare a transition plan as required by the ADA, 28 C.F.R. § 35.150(d).

14. The defendant has discriminated against the plaintiffs by failing to modify its facilities in accordance with the requirements of the ADA—ADAAG and the 2010 ADA Standards. Following is a list of examples:

   a. City Hall
      i. The main (south) entrance is inaccessible due to steps and lacks directional signage to the nearest accessible entrance (ADAAG 4.1.2(7)(c)).
      ii. The handrails at the east entrance ramp are not continuous and lack adequate extensions (ADAAG 4.8.5(2)).
      iii. Some doors have round door knobs (ADAAG 4.13.9).
      iv. Signage throughout the building is either missing, incorrectly located and/or lacks Braille (ADAAG 4.10.5).
      v. Fire alarm devices are incorrectly mounted on the ceiling throughout the facility (ADAAG 4.28.3(6)).
      vi. The second floor commission chambers entrance is 27 ½" wide (ADAAG 4.13.5).
      vii. The first floor utilities transaction counter is less than 20" long (ADAAG 7.2).
      viii. The first floor lacks a drinking fountain for those who have difficulty bending or stooping (ADAAG 4.1.3(10)(a)).
      ix. There is not enough maneuvering clearance depth on the pull side of the 1st floor men's restroom door (Figure 25(a)).

      x.      The clear floor space is 52" deep where the door swings into accessible toilet stalls in Men's restrooms (56" minimum – Figure 30(a)).

b.      Jackson Park

      i.      No compliant accessible parking spaces exist at park amenities such as shelters and play areas (ADAAG 4.1.2(5) and 4.6).

      ii.      Two pedestrian routes to the restrooms exist. Both routes have portions in which the running slope exceeds 5% and no hand rails exist (ADAAG 4.3.7 and 4.8.5).

      iii.      Pedestrian paths of travel to play areas and horseshoe pits consists of rough and uneven grass with slopes exceeding 5% (ADAAG 4.1.2(2), 4.3 and 4.5).

      iv.      Picnic table in shelters do not have adequate knee clearance depths (12 inches) (ADAAG 4.32.3).

      v.      Restroom signs lack Braille (ADAAG 4.10.5).

      vi.      Playground equipment lack accessible components and surfaces (2010 Standards, Sections 240 and 1008).

c.      Public Library

      i.      The main (south) entrance is inaccessible due to steps and lacks directional signage to the nearest accessible entrance (ADAAG 4.1.2(7)(c)).

      ii.      Two accessible parking spaces exist in the north lot, however, the shared access aisle is only 48" wide. Van accessible spaces require a 96" minimum width access aisle (ADAAG 4.1.2(5)(b)).

        iii.      The elevator lacks jamb signage on each floor (ADAAG 4.10.5).

        iv.      The first floor lacks a drinking fountain for those who have difficulty bending or stooping (ADAAG 4.1.3(10)(a)).

        v.      The unisex restroom on the first floor has a toilet flush control located on the far side of toilet (ADAAG 4.16.5).

    d.    Parking

        i.      The access aisle serving the "van accessible" parking space is only 65" wide (ADAAG 4.1.2(5)(b)).

    e.    Walt Wilburn Park

        i.      Parking areas lack accessible parking spaces (ADAAG 4.1.2(5) and 4.6).

        ii.      Routes from parking areas to ball field bleachers consist of rough and uneven grass (ADAAG 4.1.2(2), 4.3 and 4.5).

        iii.      The route to the restrooms/concessions has a change in levels up to 9".

        iv.      The concessions counter is too high (ADAAG 7.2).

        v.      Restroom signs lack Braille and have round door knobs (ADAAG 4.30 and 4.13.9).

15.    The 2010 ADA Standards replaced ADAAG effective March 15, 2012, and the ADAAG violations listed in paragraph 14 are also violations of the 2010 Standards and the ADA.

16.    The plaintiff is entitled to attorney fees, costs, and expenses, including expert witness fees and other litigation expenses.

17. The plaintiff is entitled to an injunction pursuant to the ADA, prohibiting the defendant from continuing to violate the ADA and requiring the defendant to conduct a self evaluation and prepare a transition plan.

WHEREFORE, plaintiff prays that this court permanently enjoin the defendant from violating the Americans with Disabilities Act, order the defendant to conduct a self-evaluation and prepare a transition plan, grant judgment to the plaintiff for reasonable attorney fees, litigation expenses and costs, and grant such other relief as the court deems just and proper.

DAVID P. CALVERT, P.A.
*Attorney for Plaintiffs*

By: /s/ David P. Calvert
David P. Calvert, #06628
David P. Calvert, P.A.
532 N. Market
Wichita, Kansas 67214
(316) 269-9055
Fax: (316) 269-0440
lawdpc@swbell.net

### DESIGNATION OF PLACE OF TRIAL

Plaintiffs designate Wichita, Kansas as the place of trial.

DAVID P. CALVERT, P.A.
*Attorney for Plaintiffs*

By: /s/ David P. Calvert
David P. Calvert, #06628
David P. Calvert, P.A.
532 N. Market
Wichita, Kansas 67214
(316) 269-9055
Fax: (316) 269-0440
lawdpc@swbell.net